## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
DEMOCRACY FORWARD FOUNDATION )
)
        Plaintiff, )
)
    v. )  Civil Action No. 19-2633 (BAH)
)
U.S. DEPARTMENT OF JUSTICE, et al., )
)
      Defendants. )
_____ )


### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

      Defendants, U.S. Department of Health and Human Services ("HHS"), U.S. Department of the Interior ("DOI"), U.S. Department of Education ("ED"), and U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submit the following answer to Plaintiff's complaint filed on September 3, 2019 (ECF No. 1), and state as follows:

### DEFENSES

      1.     As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief can be granted.

      2.     The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

      3.     Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA.

## DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS[1]

Defendants deny all allegations in the complaint, including the relief sought, except as specifically admitted in this Answer.  Defendants admit, deny, or otherwise answer the unnumbered and numbered paragraphs in the complaint as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      The first paragraph contains Plaintiff's characterization of this FOIA action, to which no response is required.

2.      Defendants admit that on November 27, 2018, *The Daily Beast* published an article about U.S. Environmental Protection Agency officials. Defendants deny the remainder of the allegations in Paragraph 2 and state that the news report cited in Paragraph 2 speaks for itself and is the best evidence of its content.

3.      Defendants admit that on August 15, 2019, *The Hollywood Reporter* published an article about U.S. Department of the Treasury officials. Defendants deny the remainder of the allegations in Paragraph 2 and state that the news report cited in Paragraph 3 speaks for itself and is the best evidence of its content.

4.       The claims in this paragraph do not state a claim or facts to support a claim, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations and therefore deny them.

5.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore deny the allegations, except to admit that Plaintiff

---

[1] Merely for ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

submitted requests to the Defendants on or about December 13, 2018, by email.  Defendants refer the Court to those requests as the best evidence of their contents.

6.      The first sentence of this paragraph contains Plaintiff's legal conclusions regarding FOIA to which no response is required. The second sentence of this paragraph consists of Plaintiff's request for relief, not allegations of fact, and thus requires no answer.

## JURISDICTION AND VENUE

7.      This paragraph consists of conclusions of law regarding jurisdiction to which no response is required.

8.      This paragraph consists of conclusions of law regarding venue to which no response is required.

## PARTIES

9.      Defendants lack knowledge or information sufficient to admit or deny this paragraph and therefore deny the allegations.

10.      Defendants admit that DOJ is a federal agency.  The remainder of this paragraph consists of plaintiff's legal conclusions to which no response is required.

11.      Defendants admit that HHS is a federal agency.  The remainder of this paragraph consists of plaintiff's legal conclusions to which no response is required.

12.      Defendants admit that ED is a federal agency.  The remainder of this paragraph consists of legal conclusions to which no response is required.

13.      Defendants admit the DOI is a federal agency. The remainder of this paragraph consists of legal conclusions to which no response is required.

## STATEMENT OF FACTS

### DOJ FOIA Request

14.    Admit that DOJ received a FOIA request from Plaintiff dated December 13, 2019. Defendant respectfully refers the Court to that request for a full and accurate reflection of its contents.

15.    Admit that Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 43 C.F.R. § 2.48 in its request. Defendant respectfully refers the Court to Plaintiff's FOIA request for a full and accurate reflection of its contents.

16.    Admitted.

17.    Admit that DOJ acknowledged Plaintiff's FOIA request by letter dated January 31, 2019.  Defendant respectfully refers the Court to that letter for a full and accurate reflection of its contents.

18.    Admitted.

19.    This paragraph consists of Plaintiff's legal conclusions to which no response is required.

20.    Admit that, to date, DOJ has not made a final determination as to Plaintiff's request.

21.    This paragraph consists of Plaintiff's legal conclusions to which no response is required.

### HHS FOIA Request

22.    HHS admits that Plaintiff submitted a FOIA request to HHS dated December 13, 2018.  The remainder of Paragraph 22 characterizes the request, which speaks for itself and is the best evidence of its contents.  HHS respectfully refers the Court to the "HHS FOIA Request" in

Exhibit D to the Complaint for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

23.     HHS admits that the FOIA request received from Plaintiff dated December 13, 2018, contains a request for waiver of search and duplication fees.  The remaining allegations in paragraph 23 consist of plaintiff's characterization of that request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of its contents.

24.     This paragraph consists of a legal conclusions to which no response is required. To the extent a response is deemed necessary, HHS denies the allegations in this paragraph.

25.     HHS admits that since receiving the Plaintiff's FOIA request dated December 13, 2018, it has not had any communications with Plaintiff.  HHS further admits that no documents have been produced as of the date of this filing.  The remaining allegations in paragraph 25 consist of plaintiff's requests for relief and or legal conclusions, to which no response is required.  To the extent a response is deemed necessary, HHS denies the allegations in this paragraph.

26.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, HHS denies the allegations in this paragraph.

**ED FOIA Request**

27.     ED admits that Plaintiff submitted a FOIA request dated December 13, 2018.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its FOIA request.  ED respectfully refers the Court to the text of the request for a full and accurate rendering of its contents.

28.     ED admits that Plaintiff's FOIA request included a request for waiver of document search, review, and duplication fees.  The remainder of this paragraph consists of legal conclusions to which no response is required.

29.     The allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required.

30.     Admit.

31.     The allegations in this paragraph consist of Plaintiff's legal conclusions to which no response is required.

## DOI FOIA Request

32.      DOI admits that Plaintiff submitted a FOIA request to DOI dated December 13, 2018.  The remainder of Paragraph 32 characterizes the request, which speaks for itself and is the best evidence of its contents.  DOI respectfully refers the Court to the request in Exhibit F to the Complaint ("Exhibit F") for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

33.     DOI admits that Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 43 C.F.R. § 2.48 in its December 13, 2018, FOIA request.

34.     This paragraph consists of legal conclusions to which no response is required.

35.     DOI denies that it has not communicated with Plaintiff at all concerning the December 13, 2018, FOIA Request. DOI avers that it sent an email on December 20, 2018, to Plaintiff at tannatoyn@democracyforward.com, the email provided as the point of contact in the FOIA request, requesting clarification concerning the scope of the FOIA request. Plaintiff responded to the email on February 11, 2019, requesting a phone call with DOI.  DOI responded with availability, but Pplaintiff did not contact DOI at those times and has not been in

6

communication with DOI since the February 11, 2019 email.  DOI admits that no documents had been produced as of the date of filing.  DOI admits that it did not inform Plaintiff in the December 20, 2018, email that it may appeal any adequately specific adverse determinations. DOI denies the remainder of Paragraph 35. The email exchange between December 20, 2018 and February 11, 2019 speaks for itself and provides the best evidence of its contents.

36.     This paragraph consists of legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### Count One (Violation of FOIA by DOJ), 5 U.S.C. § 552

37.     Defendants incorporate by reference their responses to paragraphs 1-36 above.

38.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

39.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

### Count Two (Violation of FOIA by HHS), 5 U.S.C. § 552

40.     Defendants incorporate by reference their responses to paragraphs 1-39 above.

41.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

42.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

### Count Three (Violation of FOIA by ED), 5 U.S.C. § 552

43.     Defendants incorporate by reference their responses to paragraphs 1-42 above.

44.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

45.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

**Count Four (Violation of FOIA by DOI), 5 U.S.C. § 552**

46.     Defendants incorporate by reference their responses to paragraphs 1-45 above.

47.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

48.     This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

The remainder of the complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is deemed necessary, defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:     _/s/   *Damon Taaffe*_____
DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2544
damon.taaffe@usdoj.gov